**PROPERTY ADDRESS**

47 OAK CLIFF DRIVE
POMONA, CA 91766

**LEGAL DESCRIPTION**

LOT(S) 22 OF TRACT NO. 33858, IN THE CITY OF POMONA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 958, PAGE(S) 89, 90 AND 91 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED SEPTEMBER 27, 1984 AS INSTRUMENT NO. 84-1157722, OFFICIAL RECORDS.

# EXHIBIT 1

This page is part of your document - DO NOT DISCARD




## 04 0658827

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**03/19/04 AT 08:00am**

**TITLE(S) :**

FEE

| FEE $ | Q |
|-------|---|
| DAF $ | |
| C-20 | |

D.T.T

NOTIFICATION SENT

**CODE**
**20**

**CODE**
**19**  NCPF Code 19  $

**CODE**
**9**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

  THIS FORM NOT TO BE DUPLICATED  

3/19/04

2

04 0658827

SOUTHLAND TITLE

Recording Requested By:
FIRST MAGNUS FINANCIAL CORPORATION

Return To:
FIRST MAGNUS FINANCIAL CORPORATION

5285 EAST WILLIAMS CIRCLE, #2000
TUCSON, AZ 85711

ared By:
T MAGNUS FINANCIAL CORPORATION
E WILLIAMS CIRCLE, #2000
ON, AZ 85711

──────────────── [Space Above This Line For Recording Data] ────────────────

## DEED OF TRUST

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated          MARCH 11, 2004
together with all Riders to this document.
(B) "Borrower" is
ROGELIO  GONZALEZ AND CAROL  GONZALEZ, HUSBAND AND WIFE, AS COMMUNITY PROPERTY

Borrower's address is 47 OAK CLIFF DRIVE, POMONA, CA  91766
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION

Lender is a  CORPORATION
organized and existing under the laws of  ARIZONA

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3005  1/01
VMP-6A(CA) (0207)                    Page 1 of 15        LENDER SUPPORT SYSTEMS, INC MERS6ACA NEW (06/03)

## EXHIBIT 1

3/19/04

3

Lender's address is
5285 EAST WILLIAMS CIRCLE, SUITE 2000, TUCSON, AZ 85711
(D) "Trustee" is
SOUTHLAND TITLE CORPORATION
(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary
under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an
address and telephone of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated        MARCH 11, 2004
The Note states that Borrower owes Lender

TWO HUNDRED FORTY THOUSAND AND NO/100 X X X X X X X X X X X X X X X X X X X X X    Dollars
(U.S. $ 240,000.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than        APRIL 01, 2034
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "RIDERS" means all riders to this Security Instrument that are executed by Borrower. The following
riders are to be executed by Borrower [check box as applicable]:

- [ ] Adjustable Rate Rider      [ ] Condominium Rider        [ ] 1-4 Family Rider
- [ ] Graduated Payment Rider    [ ] Planned Unit Development Rider   [ ] Biweekly Payment Rider
- [ ] Balloon Rider              [ ] Rate Improvement Rider    [ ] Second Home Rider
- [ ] Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments, and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

VMP-6A(CA) (0207)        Page 2 of 15        Form 3005  1/01

04  0658827

3/19/04

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY                    of               LOS ANGELES                :
[Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]

LEGAL DESCRIPTION ATTACHED HERETO AND MADE PART HEREOF ..... AND BEING MORE
PARTICULARLY DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 8711-017-019                    which currently has the address of
                    47 OAK CLIFF DRIVE                                    [Street]
                    POMONA              [City] , California    91786    [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

VMP-6A(CA) (0207)                    Page 3 of 15                    Form 3005  1/01

04 0658827

**EXHIBIT 1**

Page 6

3/18/04

5

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

VMP-6A(CA) (0207)                     Page 4 of 13                     Form 3005 1/01

**EXHIBIT 1**

ltr

3/19/04

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

VMP-6A(CA) (0207)                          Page 6 of 15                          Initials: ___    Form 3005 1/01

04 0658827

**EXHIBIT 1**

Page 8

3/18/04

7

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

VMP-6A(CA) (0207)                            Page 6 of 15                            Form 3005  1/01

04 0658827

**EXHIBIT 1**

3/18/04

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

VMP-6A(CA) (0207)                 Page 7 of 15                        Initials _____     Form 3005 1/01

04  0658827

**EXHIBIT 1**

3/19/04

*9*

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

VMP-8A(CA) (0207)                    Page 8 of 15                    Form 3005  1/01

04 0658827

**EXHIBIT 1**

Page 11

3/19/04

*10*

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

VMP-6A(CA) (0207)                          Page 9 of 15                          Form 3005 1/01

04 0658827

3/19/04

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

VMP-6A(CA) (0707)            Page 10 of 15            Form 3005  1/01

04  0658827

**EXHIBIT 1**

3/19/04

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

VMP-6A(CA) (0207)                    Page 11 of 15                    Form 3005  1/01

04 0658827

**EXHIBIT 1**

3/18/04

13

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

VMP-6A(CA) (0207)                    Page 12 of 15                    Form 3005  1/01

04  0658827

**EXHIBIT 1**

3/19/04

14

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

VMP-6A(CA) (0207)                    Page 13 of 15                    Initials ____                    Form 3005 1/01

04  0658827

**EXHIBIT 1**

3/19/04

*15*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any RIDER executed by Borrower and recorded with it.

Witnesses:

_____ -Witness

_____ -Witness

_____ (Seal)
ROGELIO GONZALEZ            -Borrower

_____ (Seal)
CAROL GONZALEZ            -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

VMP-6A(CA) (0207)            Page 14 of 15            Form 3005  1/01

04 0658827

3/19/04

16

State of CALIFORNIA
County of _Los Angeles_                    } ss.

On _03-12-04_ before me. _Ann Armstrong_                    personally appeared

ROGELIO GONZALEZ AND CAROL GONZALEZ

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Ann Armstrong_ (Seal)

ANN ARMSTRONG
COMM. # 1423322
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
COMM. EXP. JUNE 9, 2007

VMP-6A(CA) (0207)                    Page 15 of 15                    Initials ___
                                                                       Form 3005  1/01

04 0658827

**EXHIBIT 1**

3/19/04

ORDER NO. 14021139

EXHIBIT "A"

Lot(s)  22  of Tract No. 33858, in the City of Pomona, County of Los Angeles, State of
California, as per map recorded in Book 958 Page(s) 89, 90 and 91 of Maps, in the office of
the County Recorder of said County.

EXCEPT therefrom all oil, gas, minerals, and other hydrocarbon substances lying below a depth
of 500 feet, but with no right of surface entry, as provided in deed recorded  September 27, 1984
as Instrument No. 84-1157722, Official Records.

3

04  0658827

# EXHIBIT 2



# NOTE




MARCH 11, 2004                    BURBANK                          CALIFORNIA
[Date]                             [City]                            [State]

47 OAK CLIFF DRIVE, POMONA, CA  91766
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
       In return for a loan that I have received, I promise to pay U.S. $     240,000.00     (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is
FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION

I will make all payments under this Note in the form of cash, check or money order.
       I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
       Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of      5.250      %.
       The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

**3.  PAYMENTS**
       (A) Time and Place of Payments
       I will pay principal and interest by making a payment every month.
       I will make my monthly payment on the     1st     day of each month beginning on     MAY, 2004    . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal. If, on     APRIL 01, 2034    , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."
       I will make my monthly payments at FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION
5285 EAST WILLIAMS CIRCLE, SUITE 2000, TUCSON, AZ  85711     or at a different place if required by the Note Holder.

       (B) Amount of Monthly Payments
       My monthly payment will be in the amount of U.S. $     1,325.29

**4.  BORROWER'S RIGHT TO PREPAY**
       I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
       I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

Initials:

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3200  1/01
VMP-5N (0207)                              Page 1 of 3                  LENDER SUPPORT SYSTEMS, INC. 5N.NEW (04/03)

# EXHIBIT 2

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of              15        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be        5.000        % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Initials:

VMP-5N (0207)                                Page 2 of 3                                Form 3200 1/01

## EXHIBIT 2

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)     _____ (Seal)
ROGELIO GONZALEZ              -Borrower     CAROL GONZALEZ              -Borrower

_____ (Seal)     _____ (Seal)
                             -Borrower                                -Borrower

_____ (Seal)     _____ (Seal)
                             -Borrower                                -Borrower

_____ (Seal)     _____ (Seal)
                             -Borrower                                -Borrower

VMP-5N (0207)                     Page 3 of 3                     Form 3200 1/01

**EXHIBIT 2**

WITHOUT RECOURSE,
PAY TO THE ORDER OF
                                    Wells Fargo Home Mortgage, Inc.
FIRST MAGNUS FINANCIAL CORPORATION
an Arizona Corporation
BY:
       Dipika Patel, Operations Manager

WITHOUT RECOURSE
PAY TO THE ORDER OF

Wells Fargo Home Mortgage, Inc.

By
        Angela R. Dodson
Vice President-Loan Documentation

**EXHIBIT 2**

# EXHIBIT 3

This page is part of your document - DO NOT DISCARD



## 20101834462

Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/13/10 AT 08:00AM**

DSM Servicing Mail Support
X2302-04E

JAN 19 2011

#26

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |







T35

**EXHIBIT 3**

**EXHIBIT 3**

APN: 8711-017-019

12/13/2010

Recording Requested By
And When Recorded Mail To:

WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD
F



Received by
DEFAULT MAIL DEPT.

JAN 21 2011

Ft. Mill, South Carolina

*20101834462*

SPACE ABOVE THIS LINE FOR RECORDER'S USE:

T.S. NO.   1303934-10    MERS ID:

884

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to

WELLS FARGO BANK, NA

all beneficial interest under that certain deed of trust dated March 11, 2004, executed by

ROGELIO GONZALEZ AND CAROL GONZALEZ, HUSBAND AND WIFE, AS COMMUNITY
PROPERTY, trustor,

to SOUTHLAND TITLE CORPORATION, trustee,

and recorded as Instrument No. 04 0658827 on March 19, 2004 in book XX page XX, of Official Records in the
County Recorder's office of LOS ANGELES County, CALIFORNIA describing land therein as

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.

Dated:   12/07/10          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
                           AS NOMINEE FOR FIRST MAGNUS FINANCIAL
                           CORPORATION, AN ARIZONA CORPORATION

X _____
          Wendy V. Perry, Asst. Sec.

State of California
County of San Diego

On   DEC 0 8 2010   before me,   **Rosalyn Hall**
a Notary Public, personally appeared   Wendy V. Perry, Asst. Sec.
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal                    (Seal)

Signature _____

ASGNTD.doc

ROSALYN HALL
COMM. #1793727
Notary Public · California
San Diego County
My Comm. Expires Mar. 16, 2012

Page 1 of 1

## EXHIBIT 3

# EXHIBIT 4



## BROKER'S PRICE OPINION

Exterior /Curb Side ☒
Interior ☐
Interior Access Denied ☐   Reason

Inspection Date 06/12/2018

Freddie Mac Loan # ▓▓▓▓
Servicer Loan # ▓▓▓▓

BPO # 44660847

| BPO Firm Name AMERICAN EALGE REALTY | Broker ANAHIT BUNIATYAN | Phone (818) 404-0206 |
|---|---|---|

### SUBJECT PROPERTY DESCRIPTION

| Property Address 47   OAK CLIFF DRIVE | | | Unit # |
|---|---|---|---|
| City POMONA | County | State CA | Zip 91766 |

| Is property currently listed for sale with a real estate firm? ☐ Yes  ☒ No | Name of Listing Broker, Salesperson or Firm | Phone |
|---|---|---|

Property Type:  Single Family                                        Condo Fee $  0

Occupant:  ☒ Owner   ☐ Tenant   ☐ Vacant

### Estimate of repairs needed for subject property

| Interior: | | | Exterior: | | |
|---|---|---|---|---|---|
| Painting | $ | 0 | Painting | $ | 0 |
| Structural | $ | 0 | Structural | $ | 0 |
| Appliances | $ | 0 | Landscaping | $ | 0 |
| Utilities | $ | 0 | Roof | $ | 0 |
| Carpet/Floors | $ | 0 | Windows | $ | 0 |
| Other | $ | 0 | Other | $ | 0 |
| Cleaning/Trash Removal | $ | 0 | Do you recommend repairs? ☐ Yes ☒ No | | |

Repairs Total: $  0.00

Overall Property Condition:  ☐ Excellent   ☒ Good   ☐ Fair   ☐ Poor
Are there any items that require IMMEDIATE attention/action?  ☐ Yes  ☒ No
Title/Legal Issues?   ☐ Yes  ☒ No
Do any environmental issues affect the value of the property?   ☐ Yes  ☒ No
If yes to any of the above, please explain:
THE SUBJECT IS AN AVERAGE QUALITY BUILT HOME AND IS IN OVERALL AVERAGE CONDITION THROUGHOUT.

### NEIGHBORHOOD

Property Values: ☒ Increasing  ☐ Stable  ☐ Declining     Predominant Occupancy ☒ Owner  ☐ Tenant
Marketing Time: ☐ Under 3 Mos.  ☒ 3-6 Mos.  ☐ Over 6 Mos.     Vacancy Rate ☒ 0-5%  ☐ 5-10%  ☐ 10-20%  ☐ 20% +

No. of Active Listings in Neighborhood: 5     Price Range of Active Listings in Neighborhood:$ 539000  to $ 1050000

COMMENTS THE SUBJECT PROPERTY IS LOCATED IN AN AVERAGE NEIGHBORHOOD WITH AVERAGE
CONDITION PROPERTIES.91766 MARKET TRENDS INDICATE AN INCREASE OF 40000 11 IN MEDIAN
HOME SALES OVER THE PAST YEAR.

### VALUE ESTIMATION

| | 90-Day Marketing Time | 120-Day Marketing Time | 180-Day Marketing Time |
|---|---|---|---|
| Probable Sale Price | | | |
| As Is | 565000 | 570198 | 580594 |
| As Repaired | 565000 | 570198 | 580594 |

Property should be listed:   As Is: ☒   As Repaired: ☐
Anticipated Seller-Paid Financing Costs: $ 0
COMMENTS: (Describe your marketing strategy and reasons for As Is/As Repaired recommendations)
THE VALUE AS OF TODAY IS 565000.00. TYPICAL MARKETING TIME IS 90 DAYS. ...MORE IN ADDENDUM

| PREPARED BY: ANAHIT BUNIATYAN | Date 06/12/2018 |
|---|---|
| Signature | |

THIS IS AN OPINION OF PRICE OR COMPARATIVE MARKET ANALYSIS AND IS NOT AN APPRAISAL. This opinion does not adhere
to the guidelines for development of an appraisal or analysis contained in the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation.
This opinion may have been developed in connection with a loss mitigation request made by you. If so, this opinion is being provided to you on behalf of your
servicer and the Federal Home Loan Mortgage Corporation. Your servicer may have also used a different or additional property value or price to make a loss
mitigation decision. If you have questions, please visit Freddie Mac's website at http://www.freddiemac.com/valuation.

## EXHIBIT 4

## COMPETITIVE LISTINGS

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 47 OAK CLIFF DRIVE | 467 S DEL SOL LN DIA | | 18 OAK CLIFF DR POM | | 1 TRABUCO RD POMO | |
| Proximity to Subject | | 1 Mile | | 1/4 Miles | | 3/4 Miles | |
| Current List Price | $ | $ 639999 | | $ 650000 | | $ 655800 | |
| Current List Date | | 06/12/2018 | | 05/26/2018 | | 04/24/2018 | |
| Original List Price | $ | $ 639999 | | $ 650000 | | $ 688000 | |
| Original List Date | | 06/12/2018 | | 05/26/2018 | | 04/24/2018 | |
| VALUE ADJUSTMENTS (Use the following codes for the adjustments: S=Superior E=Equal I=Inferior U=Unknown) | | | | | | | |
| DESCRIPTION | DESCRIPTION | DESCRIPTION | ADJ | DESCRIPTION | ADJ | DESCRIPTION | ADJ |
| Above Grade Room Count | Total # of Rooms 7  Bdrm 3  Baths 3 | Total # of Rooms 6  Bdrm 3  Baths 2 | | Total # of Rooms 8  Bdrm 4  Baths 3 | | Total # of Rooms 6  Bdrm 3  Baths 2 | |
| Gross Living Area | Sq. Ft. 1787 | Sq. Ft. 1668 | Code | Sq. Ft. 1907 | Code | Sq. Ft. 1733 | Code |
| Location | GOOD | GOOD | E | GOOD | E | GOOD | E |
| Site/Lot Size | 0.16 | 0.19 | S | 0.15 | I | 0.15 | I |
| Design and Appeal | SINGLE FAMILY | SFD | E | SFD | E | SFD | E |
| Age (number of yrs. since house was built) | 35 | 49 | E | 34 | E | 28 | E |
| Overall Condition | Good | Good | E | Good | E | Good | E |
| Garage/Carport | 2 Attached | 2 Attached | E | 2 Attached | E | 2 Attached | E |
| Porch, Patio Deck, Pool, Fence | | FIREPLACE | E | POOL, INTERC( | E | PORCH, PATIO, | E |
| Overall Rating/Est.$ Value of Adjustments | | 11830.00 | I | -6590.00 | S | 9950.00 | I |
| Indicate Property Most Comparable to Subject (Check One) | | | | | | [x] | |
| COMMENTS: LC1. FAIR MARKET. 0.91 MILES FROM SUBJECT. 6000.00 BATHS 7140.00 LIVING AREA -1310.00 LOT SIZE. NET ADJUSTMENT 11830.00. ACCORDING TO MLS THIS PROPERTY HAS CEILING FANS CENTRAL AC CENTRAL FURNACE HEAT CARPET WOODWOOD LIKE FLOORS ...MORE IN ADDENDUM | | | | | | | |

## CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 47 OAK CLIFF DRIVE | 23 COUNTRY RIDGE R | | 34 CHAPARRAL DR PC | | 9 OAK CLIFF DR, POM | |
| Proximity to Subject | | 3/4 Miles | | 3/4 Miles | | 1/4 Miles | |
| Original List Price | $ | $ 520000 | | $ 584995 | | $ 549950 | |
| List Price When Sold | $ | $ 535000 | | $ 550000 | | $ 549950 | |
| Sales Price | $ | $ 542000 | | $ 542000 | | $ 565000 | |
| Sales Date | | 05/11/2018 | | 01/09/2018 | | 01/05/2018 | |
| Days on Market | | 88 | | 216 | | 49 | |
| VALUE ADJUSTMENTS (Use the following codes for the adjustments: S=Superior E=Equal I=Inferior U=Unknown) | | | | | | | |
| DESCRIPTION | DESCRIPTION | DESCRIPTION | ADJ | DESCRIPTION | ADJ | DESCRIPTION | ADJ |
| Above Grade Room Count | Total # of Rooms 7  Bdrm 3  Baths 3 | Total # of Rooms 7  Bdrm 4  Baths 3 | | Total # of Rooms 7  Bdrm 3  Baths 2.5 | | Total # of Rooms 8  Bdrm 4  Baths 3 | |
| Gross Living Area | Sq. Ft. 1787 | Sq. Ft. 1770 | Code | Sq. Ft. 1787 | Code | Sq. Ft. 1956 | Code |
| Sales or Financing Concessions | | 0.00 | E | 0.00 | E | 0.00 | E |
| Location | GOOD | GOOD | E | GOOD | E | GOOD | E |
| Site/Lot Size | 0.16 | 0.17 | S | 0.17 | S | 0.16 | I |
| Landscaping | Good | Good | E | Good | E | Good | E |
| Design and Appeal | SINGLE FAMILY | SFD | E | SFD | E | SFD | E |
| Age (number of yrs. since house was built) | 35 | 39 | E | 32 | E | 33 | E |
| Overall Condition | Good | Good | E | Good | E | Good | E |
| Garage/Carport | 2 Attached | 2 Attached | E | 2 Attached | E | 2 Attached | E |
| Porch, Patio Deck, Pool, Fence | | FIREPLACE | E | FIREPLACE | E | FIREPLACE | E |
| Overall Rating/Est.$ Value of Adjustments | | 6880.00 | I | 13272.00 | I | 1589.00 | I |
| Indicate Property Most Comparable to Subject (Check One) | | [ ] | | [x] | | [ ] | |
| COMMENTS: SC1. FAIR MARKET. 0.56 MILES FROM SUBJECT. 6000.00 BATHS 1020.00 LIVING AREA -140.00 LOT SIZE. NET ADJUSTMENT 6880.00. ACCORDING TO MLS THIS PROPERTY HAS CENTRAL AC CENTRAL FURNACE HEAT CARPET FLOORS FIREPLACE IN THE FAMILY ROOM ...MORE IN ADDENDUM | | | | | | | |

**EXHIBIT 4**

**BPOdirect Addendum**

BPOdirect Order #:  44660847          Project Code: _____

FM Loan Number: [redacted] __          SS Loan Number [redacted]

Property Address: 47  OAK CLIFF DRIVE, POMONA, CA, 91766

Comments:

HTTPS://CLIENTS.PROTK.COM/PROTECK.INTEGRATION.FREDDIEMAC.CLIE
SUBJECT COMMENTS DUE TO MY EXTERIOR INSPECTION I WAS NOT
ABLE TO FIND ANY DAMAGES. OVERALL CONDITION APPEARS TO BE
AVERAGE.  NO SIGNIFICANT ITEMS OF FUNCTIONAL OR EXTERNAL
OBSOLESCENCE WHERE NOTED. THIS IS AN EXTERIOR  DRIVE-BY BPO
AND THE INTERIOR IS ASSUMED TO BE IN ADEQUATE CONDITION. A
DILIGENT  SEARCH WAS MADE FOR THE MOST SIMILAR AREA
COMPARABLE  SALES AND CURRENT  LISTINGS. THE COMPS USED AND
ADJUSTMENTS MADE ARE THE BEST AND MOST  ACCURATE
INDICATORS AVAILABLE FOR THE SUBJECTS  ESTIMATED MARKET
VALUE.  COMPARABLE LISTING COMMENTS CONTINUED.. FIREPLACE IN
THE LIVING ROOM COMPOSITIONSHINGLE ROOF LAUNDRY IN
GARAGE.LC2  FAIR MARKET. 0.12 MILES FROM SUBJECT. -7200.00 LIVING
AREA 610.00 LOT SIZE. NET ADJUSTMENT -6590.00. ACCORDING TO MLS
THIS PROPERTY HAS CENTRAL AC FORCED AIR HEAT CARPET FLOORS
FIREPLACE IN THE LIVING ROOM COMPOSITIONSHINGLE ROOF
INDIVIDUAL LAUNDRY ROOM FILTERED PRIVATE POOL SPA.LC3  FAIR
MARKET. 0.69 MILES FROM SUBJECT. 6000.00 BATHS 3240.00 LIVING
AREA 710.00 LOT SIZE. NET ADJUSTMENT 9950.00. ACCORDING TO MLS
THIS PROPERTY HAS CEILING FANS CENTRAL AC CENTRAL FURNACE
HEAT WOODWOOD LIKE LAMINATED FLOORS FIREPLACE IN THE LIVING
ROOM COMPOSITIONSHINGLE ROOF INDIVIDUAL LAUNDRY ROOM
COVERED  PORCH - FRONT.SUBJECT PROPERTY BATHS 3 FULL 0 HALF
BATHS. COMPARABLE LISTING 1 COMMENTS BATHS 2 FULL 0 HALF
BATHS. COMPARABLE LISTING 2 COMMENTS BATHS 3 FULL 0 HALF
BATHS. COMPARABLE LISTING 3 COMMENTS BATHS 2 FULL 0 HALF
BATHS. COMPARABLE SALE COMMENTS CONTINUED..
COMPOSITIONSHINGLE ROOF LAUNDRY IN GARAGE.SC2  FAIR MARKET.
0.51 MILES FROM SUBJECT. 10472.00 DOM 3000.00 BATHS -200.00 LOT
SIZE. NET ADJUSTMENT 13272.00. ACCORDING TO MLS THIS PROPERTY
HAS CENTRAL AC CARPET FLOORS FIREPLACE IN THE LIVING ROOM C-

**EXHIBIT 4**

**Comments, cont:**

OMPOSITIONSHINGLE ROOF INSIDE LAUNDRY ROOM.SC3  FAIR MARKET.
0.18 MILES FROM SUBJECT. 11609.00 DOM -10140.00 LIVING AREA 120.00
LOT SIZE. NET ADJUSTMENT 1589.00. ACCORDING TO MLS THIS
PROPERTY HAS CENTRAL AC CENTRAL FURNACE HEAT CARPET
FLOORS FIREPLACE IN THE LIVING ROOM COMPOSITIONSHINGLE ROOF
INDIVIDUAL LAUNDRY ROOM.SUBJECT PROPERTY BATHS 3 FULL 0 HALF
BATHS. COMPARABLE SALE 1 COMMENTS BATHS 2 FULL 0 HALF BATHS.
COMPARABLE SALE 2 COMMENTS BATHS 2 FULL 1 HALF BATHS.
COMPARABLE SALE 3 COMMENTS BATHS 3 FULL 0 HALF BATHS.
VALUATION COMMENTS CONTINUED.. BY REVIEWING THE SUBJECT
PROPERTY NEIGHBORHOOD I FIND OUT THAT THIS AREA   IS FAIR
MARKET WITH SOME SHORT SALE AND REO COMPS.

**EXHIBIT 4**

*Order 44660847, SUBJECTFRONTVIEW.JPG*



**EXHIBIT 4**

*Order 44660847, SUBJECTSTREETVIEW.JPG*



**EXHIBIT 4**

*Order 44660847, SUBJECTADDRESSNUMBER.JPG*



**EXHIBIT 4**

*Order 44660847, COMPARABLESALE_1.JPG*



**EXHIBIT 4**

*Order 44660847, COMPARABLESALE_2.JPG*



**EXHIBIT 4**

*Order 44660847, COMPARABLESALE_3.JPG*



**EXHIBIT 4**

*Order 44660847, COMPARABLELISTING_1.JPG*



**EXHIBIT 4**

*Order 44660847, COMPARABLELISTING_2.JPG*



**EXHIBIT 4**

*Order 44660847, COMPARABLELISTING_3.JPG*



**EXHIBIT 4**

# EXHIBIT 5

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rogelio Gonzalez** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Carol Gonzalez** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☒ Yes. Where is the property?

1.1
**47 Oak Cliff Dr.**
Street address, if available, or other description

**Pomona          CA     91766-0000**
City              State   ZIP Code

**Los Angeles**
County

**What is the property?** Check all that apply
☒ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Home is in Foreclosure**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$617,308.00**

Current value of the portion you own? **$617,308.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee Simple**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................=>   | **$617,308.00** |

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Official Form 106A/B                    Schedule A/B: Property                    page 1
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**EXHIBIT 5**

Debtor 1    **Rogelio Gonzalez**

Debtor 2    **Carol Gonzalez**    Case number *(if known)* _____

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☒ Yes

| | | |
|---|---|---|
| 3.1 | Make: **Toyota** | |

Model: **Sequoia**

Year: **2003**

Approximate mileage: **180,000**

Other information:

**Fair Condition**

Who has an interest in the property? Check one

☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☒ Check if this is community property
   *(see instructions)*

Do not deduct secured claims or exemptions. Put the amount of any secured claims on Schedule D: Creditors Who Have Claims Secured by Property.

Current value of the entire property?    $3,917.00

Current value of the portion you own?    $3,917.00

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☒ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................=>    $3,917.00

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☒ Yes. Describe.....

| Household furniture & furnishings | $5,000.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☒ No
☐ Yes. Describe.....

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☒ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☒ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☒ No
☐ Yes. Describe.....

Official Form 106A/B                    Schedule A/B: Property                    page 2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**EXHIBIT 5**

Debtor 1 **Rogelio Gonzalez**
Debtor 2 **Carol Gonzalez**

Case number *(if known)* _____

### 11. Clothes
*Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories*
☐ No
☒ Yes. Describe.....

| Personal Clothing | $1,000.00 |
|---|---|

### 12. Jewelry
*Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver*
☐ No
☒ Yes. Describe.....

| Personal Jewelry | $2,000.00 |
|---|---|

### 13. Non-farm animals
*Examples: Dogs, cats, birds, horses*
☒ No
☐ Yes. Describe.....

### 14. Any other personal and household items you did not already list, including any health aids you did not list
☒ No
☐ Yes. Give specific information.....

### 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................

$8,000.00

**Part 4:   Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 16. Cash
*Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition*
☐ No
☒ Yes.................................................................................................

**Cash on hand**   $100.00

### 17. Deposits of money
*Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.*
☒ No
☐ Yes....................... Institution name:

### 18. Bonds, mutual funds, or publicly traded stocks
*Examples: Bond funds, investment accounts with brokerage firms, money market accounts*
☒ No
☐ Yes.................. Institution or issuer name:

### 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
☒ No
☐ Yes. Give specific information about them....................
Name of entity:                                          % of ownership:

### 20. Government and corporate bonds and other negotiable and non-negotiable instruments
*Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.*
*Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## EXHIBIT 5

Debtor 1    **Rogelio Gonzalez**
Debtor 2    **Carol Gonzalez**                                                 Case number *(if known)*  _____

☒ No
☐ Yes. Give specific information about them
                Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☒ No
    ☐ Yes. List each account separately.
                Type of account:              Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ☒ No
    ☐ Yes. ......................                    Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ☒ No
    ☐ Yes.............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ☒ No
    ☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ☒ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ☒ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ☒ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**                              Current value of the
                                                              portion you own?
                                                              Do not deduct secured
                                                              claims or exemptions.

28. **Tax refunds owed to you**
    ☒ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ☒ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
              benefits; unpaid loans you made to someone else
    ☒ No
    ☐ Yes.  Give specific information..

Official Form 106A/B                    Schedule A/B: Property                                    page 4
Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

**EXHIBIT 5**

Debtor 1  **Rogelio Gonzalez**
Debtor 2  **Carol Gonzalez**                                          Case number *(if known)* _____

31. **Interests in insurance policies**
   *Examples*: Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

   ☒ No
   ☐ Yes. Name the insurance company of each policy and list its value.
   　　　　　Company name:　　　　　　　　　　Beneficiary:　　　　　　　Surrender or refund
   　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　value:

32. **Any interest in property that is due from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

   ☒ No
   ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples*: Accidents, employment disputes, insurance claims, or rights to sue

   ☒ No
   ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

   ☒ No
   ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**

   ☒ No
   ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
   **for Part 4. Write that number here**.........................................................................................      | $100.00 |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. Do you own or have any legal or equitable interest in any business-related property?
   ☐ No. Go to Part 6.
   ☒ Yes. Go to line 38.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Current value of the
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　portion you own?
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Do not deduct secured
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　claims or exemptions.

38. **Accounts receivable or commissions you already earned**
   ☒ No
   ☐ Yes.  Describe.....

39. **Office equipment, furnishings, and supplies**
   *Examples*: Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
   ☒ No
   ☐ Yes.  Describe.....

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
   ☐ No
   ☒ Yes.  Describe.....

   | Electrical tools of the trade | $3,000.00 |

41. **Inventory**
   ☒ No
   ☐ Yes.  Describe.....

Official Form 106A/B　　　　　　　　　Schedule A/B: Property　　　　　　　　　　　　　page 5

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Best Case Bankruptcy

**EXHIBIT 5**

Debtor 1   **Rogelio Gonzalez**
Debtor 2   **Carol Gonzalez**                                      Case number *(if known)* _____

**42.  Interests in partnerships or joint ventures**
☒ No
☐ Yes.  Give specific information about them..................
              Name of entity:                              % of ownership:

**43.  Customer lists, mailing lists, or other compilations**
☒ No.
☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

        ☒ No
        ☐ Yes.  Describe.....

**44.  Any business-related property you did not already list**
☒ No
☐ Yes. Give specific information.........

**45.  Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here................................................** | **$3,000.00**

| Part 6. | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
☒ No. Go to Part 7.
☐ Yes.  Go to line 47.

| Part 7. | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

**53.  Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
☒ No
☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here ....................................** | **$0.00**

| Part 8. | List the Totals of Each Part of this Form |
|---|---|

| 55. | Part 1: Total real estate, line 2 .................................................................................. | | $617,308.00 |
|---|---|---|---|
| 56. | Part 2: Total vehicles, line 5 | $3,917.00 | |
| 57. | Part 3: Total personal and household items, line 15 | $8,000.00 | |
| 58. | Part 4: Total financial assets, line 36 | $100.00 | |
| 59. | Part 5: Total business-related property, line 45 | $3,000.00 | |
| 60. | Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. | Part 7: Total other property not listed, line 54              + | $0.00 | |
| 62. | Total personal property. Add lines 56 through 61... | $15,017.00 | Copy personal property total    $15,017.00 |
| 63. | Total of all property on Schedule A/B. Add line 55 + line 62 | | $632,325.00 |

**EXHIBIT 5**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rogelio Gonzalez** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Carol Gonzalez** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|---|
| **2.1** | Wells Fargo Home Mortgage | | $245,335.00 | $617,308.00 | $0.00 |
| | Creditor's Name | | | | |

Describe the property that secures the claim:

47 Oak Cliff Dr. Pomona, CA 91766
Los Angeles County
Home is in Foreclosure

**8480 Stagecoach Circle
Frederick, MD 21701**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☒ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☒ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number    **4884**

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | $245,335.00 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $245,335.00 |

**Part 2: List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name, Number, Street, City, State & Zip Code
**Barrett Daffin Frappier Treder Weis
15000 Surveyor Blvd., #500
Addison, TX 75001**

On which line in Part 1 did you enter the creditor? **2.1**

Last 4 digits of account number    **0860**

Official Form 106D    Schedule D: Creditors Who Have Claims Secured by Property    page 1 of 1

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**EXHIBIT 5**

# EXHIBIT 6

Case 2:18-bk-18075-ER    Doc 1    Filed 07/16/18    Entered 07/16/18 10:41:00    Desc
Main Document    Page 38 of 61

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Rogelio Gonzalez** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | **Carol Gonzalez** |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.    **What is your current marital status?**

☒ Married
☐ Not married

2.    **During the last 3 years, have you lived anywhere other than where you live now?**

☒ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.    **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☐ No
☒ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.    **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☒ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☒ Wages, commissions, bonuses, tips | **$31,000.00** | ☐ Wages, commissions, bonuses, tips | **$0.00** |
| | ☐ Operating a business | | ☐ Operating a business | |

**EXHIBIT 6**

Debtor 1    **Rogelio Gonzalez**
Debtor 2    **Carol Gonzalez**

Case number (*if known*) _____

| | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| **For last calendar year:** (January 1 to December 31, 2017 ) | ☒ Wages, commissions, bonuses, tips ☐ Operating a business | **$106,558.00** | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | **$0.00** |
| **For the calendar year before that:** (January 1 to December 31, 2016 ) | ☒ Wages, commissions, bonuses, tips ☐ Operating a business | **$100,028.00** | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | **$0.00** |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☒ No
    ☐ Yes. Fill in the details.

| | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
    ☐ **No.**  Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
    ☐ No.    Go to line 7.
    ☐ Yes    List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

    ☒ **Yes. Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    ☒ No.    Go to line 7.
    ☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

**EXHIBIT 6**

Debtor 1    Rogelio Gonzalez

Debtor 2    Carol Gonzalez

Case number (if known) _____

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ☒ No
   ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ☒ No
   ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| | | | | |

**Part 4:** Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☒ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Rogelio Gonzalez;  ANC Electric, Inc. CREDITORS ADJUSTMENT BUREAU KC067507 | Contract | Superio Court- Pomona 400 Civic Center Plaza Pomona, CA 91766 | ☐ Pending ☐ On appeal ☒ Concluded |
| Rogelio Gonzalez ANC Electric, Inc. PACIFIC CIRCUIT (VAZQUEZ) 12S00170 | Contract | Superior Court El Monte Division Case # 12C00379 11234 E. Valley Blvd El Monte, CA 91731 | ☐ Pending ☐ On appeal ☒ Concluded |
| Rogelio Gonzalez; ANC Electric, Inc. CITIBANK | Contract | Superior Court | ☐ Pending ☐ On appeal ☒ Concluded |
| Rogelio Gonzalez; ANC Electric, Inc. shell credit/citibank | Contract | SUP COURT | ☐ Pending ☐ On appeal ☒ Concluded |
| Rogelio Gonzalez; ANC Electric, Inc. CROSSROADS PARKWAY | Contract | Sup Court | ☐ Pending ☐ On appeal ☒ Concluded |
| | | | ☐ Pending ☐ On appeal ☐ Concluded |

**EXHIBIT 6**

Debtor 1   **Rogelio Gonzalez**

Debtor 2   **Carol Gonzalez**

Case number (if known) _____

| Case title / Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Carol Gonzanlez<br>MIDLAND FUNDING<br>12C01041 | Contract | SupCourt<br>West Covina | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| Unknown Plaintiff vs Unknown Defendant<br>1320247SB | BankruptcyChapter7 | US BKPT CT CA L A | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Dismissed - 0.00** |
| ROGELIO GONZALEZ, CAROL GONZALEZ vs Unknown Defendant<br>1320247 | Bankruptcy Chapter 7 | CALIFORNIA CENTRAL - LOS ANGELES | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Dismissed - 0.00** |
| ROGELIO GONZALEZ, CAROL GONZALEZ vs Unknown Defendant<br>1320247 | Bankruptcy Chapter 7 | CALIFORNIA CENTRAL - LOS ANGELES | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Dismissed - 0.00** |
| State Of California vs ROGELIO GONZALEZ<br>20161438656 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>- 4,002.00 |
| Employment Development Department vs ROGELIO GONZALEZ, ANC ELECTRIC<br>1474007513 | ERRONEOUS TERMINATION | CALIFORNIA | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>- 0.00 |
| State Of California vs ROGELIO GONZALEZ, ANC ELECTRIC<br>20140287467 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>- 3,355.00 |
| State Of California vs ROGELIO GONZALEZ ,ROGELIO GONZALEZ, ANC ELECTRIC<br>20140432601 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>- 3,884.00 |
| Employment Development Department vs ROGELIO GONZALEZ, ANC ELECTRIC<br>147393627789 | | CALIFORNIA | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>- 0.00 |

**EXHIBIT 6**

Debtor 1    Rogelio Gonzalez
Debtor 2    Carol Gonzalez

Case number *(if known)* _____

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| State Of California vs ROGELIO GONZALEZ ,ROGELIO GONZALEZ, ANC ELECTRIC 20140199003 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  - 7,984.00 |
| Employment Development Department vs ROGELIO GONZALEZ, ANC ELECTRIC 1474007468 | ERRONEOUS TERMINATION | CALIFORNIA | ☐ Pending ☐ On appeal ☐ Concluded  - 0.00 |
| State Of California vs ROGELIO GONZALEZ ,ROGELIO GONZALEZ, ANC ELECTRIC 20140197996 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  - 5,853.00 |
| Employment Development Department vs ROGELIO GONZALEZ, ANC ELECTRIC 1474007522 | ERRONEOUS TERMINATION | CALIFORNIA | ☐ Pending ☐ On appeal ☐ Concluded  - 0.00 |
| Employment Development Department vs ROGELIO GONZALEZ, ANC ELECTRIC 1474007810 | ERRONEOUS TERMINATION | CALIFORNIA | ☐ Pending ☐ On appeal ☐ Concluded  - 0.00 |
| State Of California vs ROGELIO GONZALEZ, ANC ELECTRIC 20140197983 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  - 3,740.00 |
| Employment Development Department vs ROGELIO GONZALEZ, ANC ELECTRIC 1474007533 | ERRONEOUS TERMINATION | CALIFORNIA | ☐ Pending ☐ On appeal ☐ Concluded  - 0.00 |
| State Of California vs ROGELIO GONZALEZ ,ROGELIO GONZALEZ, ANC ELECTRIC 20140197984 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  - 1,882.00 |
| State Of California vs ROGELIO GONZALEZ ,ROGELIO GONZALEZ, ANC ELECTRIC 20140197997 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  - 6,229.00 |

**EXHIBIT 6**

Debtor 1   **Rogelio Gonzalez**

Debtor 2   **Carol Gonzalez**

Case number *(if known)* _____

| Case title / Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **State Of California vs ROGELIO GONZALEZ, ANC ELECTRIC** 20140197986 | FILED IN ERROR-ST TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 10,710.00** |
| **Walters Wholesale Electric Co. vs ROGELIO GONZALES, ANC ELECTRIC, INC.** 157455189712 | | CALIFORNIA | ☐ Pending ☐ On appeal ☐ Concluded  **- 0.00** |
| **State Of California vs ROGELIO GONZALEZ** 20180075795 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 9,003.00** |
| **State Of California vs ROGELIO GONZALEZ, CAROL PEREZGONZALEZ** 20150571353 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 20,765.00** |
| **State Of California vs ROGELIO GONZALEZ, ANC ELECTRIC** 2012010002 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 3,740.00** |
| **State Of California vs ROGELIO GONZALEZ** 20111116184 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 1,956.00** |
| **State Of California vs ROGELIO GONZALEZ, ANC ELECTRIC** 20111049834 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 10,710.00** |
| **Internal Revenue Service vs R GONZALEZ, C PEREZ GONZALEZ** 20121892255 | FEDERAL TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 70,241.00** |
| **Unknown Plaintiff vs CAROL PEREZGONZALEZ, ROGELIO GONZALEZ** 20150571353 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded  **- 20,765.00** |

**EXHIBIT 6**

Debtor 1   **Rogelio Gonzalez**

Debtor 2   **Carol Gonzalez**

Case number (*if known*) _____

| Case title / Case number | Nature of the case | Court or agency | Status of the case | |
|---|---|---|---|---|
| **Unknown Plaintiff vs C PEREZ GONZALEZ, R GONZALEZ** 20121892255 | FEDERAL TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded | - 70,241.00 |
| **Unknown Plaintiff vs CAROL PEREZ GONZALEZ** 20180075683 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded | - 3,272.00 |
| **Unknown Plaintiff vs CAROL PEREZGONZALEZ** 20161438707 | STATE TAX LIEN | LA COUNTY / RECORDER OF DEEDS | ☐ Pending ☐ On appeal ☐ Concluded | - 7,543.00 |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

   ☒ No. Go to line 11.
   ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property / Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

   ☒ No
   ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

   ☒ No
   ☐ Yes

**Part 5:   List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

   ☒ No
   ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person / Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

   ☒ No
   ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 / Charity's Name / Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

# EXHIBIT 6

Debtor 1    **Rogelio Gonzalez**
Debtor 2    **Carol Gonzalez**    Case number *(if known)* _____

| **Part 6:** | List Certain Losses |

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☒ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

| **Part 7:** | List Certain Payments or Transfers |

**16.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☒ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Peter L. Lago, Attorney at Law<br>8060 E. Florence Ave. Suite 305<br>Downey, CA 90241<br>pllago@msn.com | Attorney Fees | 5/31/2018 | $2,500.00 |

**17.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☒ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

**18.** Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☒ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

**19.** Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)

☒ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**EXHIBIT 6**

Debtor 1    **Rogelio Gonzalez**
Debtor 2    **Carol Gonzalez**

Case number *(if known)*

**Part 8:**    **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20.  **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

21.  **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

22.  **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 9:**    **Identify Property You Hold or Control for Someone Else**

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 10:**    **Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

**EXHIBIT 6**

Debtor 1    **Rogelio Gonzalez**
Debtor 2    **Carol Gonzalez**                                          Case number *(if known)* _____

**25. Have you notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☒ No
☐ Yes. Fill in the details.

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☒ No. None of the above applies.  Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☒ No
☐ Yes. Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Rogelio Gonzalez                              /s/ Carol Gonzalez
_____                              _____
Rogelio Gonzalez                                    Carol Gonzalez
**Signature of Debtor 1**                              **Signature of Debtor 2**

Date    July 16, 2018                              Date    July 16, 2018

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☐ No
☒ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☒ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Official Form 107               Statement of Financial Affairs for Individuals Filing for Bankruptcy                page 10

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

**EXHIBIT 6**

Debtor 1    **Rogelio Gonzalez**

Debtor 2    **Carol Gonzalez**                                        Case number (if known) _____

**EXHIBIT 6**

Debtor 1    Rogelio Gonzalez
Debtor 2    Carol Gonzalez

Case number (if known)

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☒ No
☐ Yes. Fill in the details.

**Part 11: Give Details About Your Business or Connections to Any Business**

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☒ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☒ No
☐ Yes. Fill in the details below.

**Part 12: Sign Below**

I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Rogelio Gonzalez                          /s/ Carol Gonzalez
Rogelio Gonzalez                              Carol Gonzalez
Signature of Debtor 1                         Signature of Debtor 2

Date    July 10, 2018                         Date    July 10, 2018

Did you attach additional pages to Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?
☒ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☒ No
☐ Yes. Name of Person _____. Attach the Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).

Official Form 107          Statement of Financial Affairs for Individuals Filing for Bankruptcy          page 7
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Scanned by CamScanner

**EXHIBIT 6**

# EXHIBIT 7

### SERVICELINK TITLE COMPANY
3220 EL CAMINO REAL, IRVINE, CA 92602
(714) 247-7000 • (800) 323-0165

### TRUSTEE'S SALE GUARANTEE

### SCHEDULE A

| | |
|---|---|
| REF NO.: | 00000007360860 |
| ORDER NO.: | |
| PREMIUM: | $540.00 |
| LIABILITY: | $240,000.00 |
| DATED: | JANUARY 30, 2018 @ 8:00 A.M. |

1. NAME(S) OF ASSURED:

   TRUSTEE:        BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP

   BENEFICIARY:   WELLS FARGO BANK, N.A.

2. THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED, OR REFERRED TO, AND COVERED BY THIS GUARANTEE IS:

   A FEE

3. TITLE TO THE ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

   ROGELIO GONZALEZ AND CAROL GONZALEZ, HUSBAND AND WIFE AS COMMUNITY PROPERTY, AS PROVIDED BY INSTRUMENT RECORDED APRIL 23, 1996, AS INSTRUMENT NO. 96 632195, OF OFFICIAL RECORDS

4. THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE CITY OF POMONA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

   SEE EXHIBIT "A"

1

**EXHIBIT 7**

ORDER N

## EXHIBIT A

### LEGAL DESCRIPTION

REF. NO. 00000007360860

LOT(S) 22 OF TRACT NO. 33858, IN THE CITY OF POMONA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 958 PAGE(S) 89, 90 AND 91 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED SEPTEMBER 27, 1984 AS INSTRUMENT NO. 84-1157722, OFFICIAL RECORDS

**EXHIBIT 7**

ORDER N

## SCHEDULE A (CONTINUED)
### EXCEPTIONS

1. PROPERTY TAXES, WHICH ARE A LIEN NOT YET DUE AND PAYABLE, INCLUDING ANY ASSESSMENTS COLLECTED WITH TAXES TO BE LEVIED FOR THE FISCAL YEAR 2018-2019.

2. PROPERTY TAXES, INCLUDING ANY PERSONAL PROPERTY TAXES AND ANY ASSESSMENTS COLLECTED WITH TAXES, FOR THE FISCAL YEAR 2017-2018 ASSESSOR'S PARCEL NUMBER 8711-017-019.

   | | |
   |---|---|
   | TOTAL AMOUNT | : $3,737.28 |
   | 1ST INSTALLMENT | : $1,868.64 (PAID) |
   | 2ND INSTALLMENT | : $1,868.64 (OPEN) |
   | 1ST PENALTY | : $0.00 |
   | 2ND PENALTY/COSTS | : $196.86 |
   | LAND | : $75,283.00 |
   | IMPROVEMENT | : $183,784.00 |
   | CODE AREA | : 07756 |
   | EXEMPTION | : (NOT SET OUT) |

3. THE LIEN OF SUPPLEMENTAL TAXES, IF ANY, ASSESSED PURSUANT TO THE PROVISIONS OF CHAPTER 3.5 (COMMENCING WITH SECTION 75) OF THE REVENUE AND TAXATION CODE OF THE STATE OF CALIFORNIA.

4. LIENS, ENCUMBRANCES, AND ANY OTHER MATTERS RECORDED OR FILED PRIOR TO THE LIEN OF THE FORECLOSING DEED OF TRUST NOT OTHERWISE SUBORDINATE, EXCEPT FOR MORTGAGES, DEEDS OF TRUST, GOVERNMENTAL LIENS, TAX LIENS, JUDGMENT LIENS, HOMEOWNERS' ASSESSMENT LIENS AND NOTICES OF ACTION.

5. A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW, AND ANY OTHER OBLIGATIONS SECURED THEREBY

   | | |
   |---|---|
   | AMOUNT | : $240,000.00 |
   | DATED | : MARCH 11, 2004 |
   | TRUSTOR | : ROGELIO GONZALEZ AND CAROL GONZALEZ, HUSBAND AND WIFE, AS COMMUNITY PROPERTY |
   | TRUSTEE | : SOUTHLAND TITLE CORPORATION |
   | BENEFICIARY | : MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A SEPARATE CORPORATION THAT IS ACTING SOLELY AS A NOMINEE FOR LENDER AND LENDER'S SUCCESSORS AND ASSIGNS |
   | LENDER | : FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION |
   | RECORDED | : MARCH 19, 2004, AS INSTRUMENT NO. 04 0658827, OF OFFICIAL RECORDS |

## EXHIBIT 7

ORDER NO: ▓▓▓▓▓▓

THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST HAS BEEN ASSIGNED OF RECORD:

| | | |
|---|---|---|
| ASSIGNOR | : | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION |
| ASSIGNEE | : | WELLS FARGO BANK, NA |
| DATED | : | DECEMBER 7, 2010 |
| RECORDED | : | DECEMBER 13, 2010, AS INSTRUMENT NO. 20101834462, OF OFFICIAL RECORDS |

THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST HAS BEEN ASSIGNED OF RECORD:

| | | |
|---|---|---|
| ASSIGNOR | : | WELLS FARGO BANK, NA |
| ASSIGNEE | : | FEDERAL HOME LOAN MORTGAGE CORPORATION |
| DATED | : | JANUARY 4, 2013 |
| RECORDED | : | JANUARY 10, 2013, AS INSTRUMENT NO. 20130047304, OF OFFICIAL RECORDS |

THE BENEFICIAL INTEREST UNDER SAID DEED OF TRUST HAS BEEN ASSIGNED OF RECORD:

| | | |
|---|---|---|
| ASSIGNOR | : | FEDERAL HOME LOAN MORTGAGE CORPORATION, BY WELLS FARGO BANK, N.A., AS THEIR ATTORNEY-IN-FACT |
| ASSIGNEE | : | WELLS FARGO BANK, N.A. |
| DATED | : | JULY 10, 2013 |
| RECORDED | : | JULY 22, 2013, AS INSTRUMENT NO. 20131070252, OF OFFICIAL RECORDS |

A SUBSTITUTION OF TRUSTEE UNDER SAID DEED OF TRUST WHICH NAMES AS THE SUBSTITUTED TRUSTEE, THE FOLLOWING

| | | |
|---|---|---|
| TRUSTEE | : | CAL-WESTERN RECONVEYANCE LLC, A CALIFORNIA LIMITED LIABILITY COMPANY |
| EXECUTED BY | : | WELLS FARGO BANK, N.A.: BY CAL-WESTERN RECONVEYANCE LLC AS ATTORNEY IN FACT |
| RECORDED | : | AUGUST 6, 2013, AS INSTRUMENT NO. 20131152648, OF OFFICIAL RECORDS |

NOTE: PLEASE BE ADVISED THAT THIS COMPANY FINDS NO RECORDED SUBSTITUTION OF TRUSTEE, AFFECTING THE DEED OF TRUST THAT IS THE SUBJECT OF THIS GUARANTEE, EMPOWERING THE ASSURED HEREIN TO ACT IN THE PROCEEDINGS INITIATED BY THE RECORDATION OF SAID DOCUMENT.

**EXHIBIT 7**

ORDER NO. ████████

6.      A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW,
        AND ANY OTHER OBLIGATIONS SECURED THEREBY

|  |  |  |
|---|---|---|
| AMOUNT | : | $24,392.86 |
| DATED | : | NOVEMBER 17, 2006 |
| TRUSTOR | : | ROGELIO AND CAROL GONZALEZ / HUSBAND & WIFE |
| TRUSTEE | : | INVESTORS TITLE COMPANY |
| BENEFICIARY | : | WALTERS WHOLESALE ELECTRIC CO. |
| RECORDED | : | NOVEMBER 27, 2006, AS INSTRUMENT NO. 06 2617154, OF OFFICIAL RECORDS |

7.      A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR
        OF THE STATE OF CALIFORNIA.

|  |  |  |
|---|---|---|
| AMOUNT | : | $12,249.22 |
| FILED BY | : | FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA |
| TAXPAYER | : | ROGELIO GONZALEZ JR CAROL PEREZGONZALEZ |
| CERTIFICATE NO. | : | 10068688616 |
| RECORDED | : | MARCH 18, 2010, AS INSTRUMENT NO. 20100377800, OF OFFICIAL RECORDS |

8.      AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER
        AMOUNT DUE:

|  |  |  |
|---|---|---|
| AMOUNT | : | $3,084.47 |
| DEBTOR | : | ROGELIO A GONZALEZ JR |
| CREDITOR | : | CITIBANK (SOUTH DAKOTA) N.A. |
| DATE ENTERED | : | FEBRUARY 28, 2011 |
| COUNTY | : | LOS ANGELES |
| COURT | : | SUPERIOR |
| CASE NO. | : | 10C03103 |
| RECORDED | : | APRIL 20, 2011, AS INSTRUMENT NO. 20110569508, OF OFFICIAL RECORDS |

9.      A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF
        THE UNITED STATES OF AMERICA, ASSESSED BY THE DISTRICT DIRECTOR OF
        INTERNAL REVENUE.

|  |  |  |
|---|---|---|
| FEDERAL SERIAL NO. | : | 803737011 |
| TAXPAYER | : | ROGELIO GONZALEZ JR |
| AMOUNT | : | $4,669.42 |
| RECORDED | : | AUGUST 9, 2011, AS INSTRUMENT NO. 20111064044, OF OFFICIAL RECORDS |

**EXHIBIT 7**

ORDER NO. ▮▮▮▮▮▮▮▮

10.     A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE STATE OF CALIFORNIA.

| | | |
|---|---|---|
| AMOUNT | : | $1,956.53 |
| FILED BY | : | FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA |
| TAXPAYER | : | ROGELIO GONZALEZ JR |
| CERTIFICATE NO. | : | 11199634568 |
| RECORDED | : | AUGUST 18, 2011, AS INSTRUMENT NO. 20111116184, OF OFFICIAL RECORDS |

11.     A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE UNITED STATES OF AMERICA, ASSESSED BY THE DISTRICT DIRECTOR OF INTERNAL REVENUE.

| | | |
|---|---|---|
| FEDERAL SERIAL NO. | : | 852198612 |
| TAXPAYER | : | ROGELIO GONZALEZ JR |
| AMOUNT | : | $2,454.84 |
| RECORDED | : | MARCH 8, 2012, AS INSTRUMENT NO. 20120364947, OF OFFICIAL RECORDS |

12.     A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR OF THE UNITED STATES OF AMERICA, ASSESSED BY THE DISTRICT DIRECTOR OF INTERNAL REVENUE.

| | | |
|---|---|---|
| FEDERAL SERIAL NO. | : | 908815512 |
| TAXPAYER | : | R GONZALEZ JR & C PEREZ GONZALEZ |
| AMOUNT | : | $70,241.21 |
| RECORDED | : | DECEMBER 10, 2012, AS INSTRUMENT NO. 20121892255, OF OFFICIAL RECORDS |

13.     AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER AMOUNT DUE:

| | | |
|---|---|---|
| AMOUNT | : | $6,027.26 |
| DEBTOR | : | CAROL GONZALEZ |
| CREDITOR | : | MIDLAND FUNDING LLC |
| DATE ENTERED | : | JULY 12, 2012 |
| COUNTY | : | LOS ANGELES |
| COURT | : | SUPERIOR |
| CASE NO. | : | 12C01041 |
| RECORDED | : | OCTOBER 18, 2013, AS INSTRUMENT NO. 20131499609, OF OFFICIAL RECORDS |

**EXHIBIT 7**

ORDER NO: ▓▓▓▓▓

14.  A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE AMOUNT SHOWN BELOW,
     AND ANY OTHER OBLIGATIONS SECURED THEREBY

|  |  |  |
|---|---|---|
| AMOUNT | : | $55,000.00 |
| DATED | : | AUGUST 20, 2014 |
| TRUSTOR | : | ROGELIO GONZALES AND CAROL GONZALES, HUSBAND AND WIFE AS COMMUNITY PROPERTY |
| TRUSTEE | : | FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION |
| BENEFICIARY | : | CROSSROADS TRAVEL CENTER, LLC, A CALIFORNIA LIMITED LIABILITY CO. |
| RECORDED | : | NOVEMBER 5, 2014, AS INSTRUMENT NO. 20141176077, OF OFFICIAL RECORDS |

15.  AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER
     AMOUNT DUE:

|  |  |  |
|---|---|---|
| AMOUNT | : | $16,041.17 |
| DEBTOR | : | ANC ELECTRIC, INC., ROGELIO GONZALES |
| CREDITOR | : | WALTERS WHOLESALE ELECTRIC CO. |
| DATE ENTERED | : | FEBRUARY 20, 2015 |
| COUNTY | : | SAN BERNARDINO |
| COURT | : | SUPERIOR |
| CASE NO. | : | CIVDS1406770 |
| RECORDED | : | MAY 5, 2015, AS INSTRUMENT NO. 20150514388, OF OFFICIAL RECORDS |

16.  A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR
     OF THE STATE OF CALIFORNIA.

|  |  |  |
|---|---|---|
| AMOUNT | : | $20,765.03 |
| FILED BY | : | FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA |
| TAXPAYER | : | ROGELIO GONZALEZ JR CAROL L PEREZGONZALEZ |
| CERTIFICATE NO. | : | 15104641006 |
| RECORDED | : | MAY 18, 2015, AS INSTRUMENT NO. 20150571353, OF OFFICIAL RECORDS |

17.  AN ABSTRACT OF JUDGMENT FOR THE AMOUNT SHOWN BELOW AND ANY OTHER
     AMOUNT DUE:

|  |  |  |
|---|---|---|
| AMOUNT | : | $118,358.60 |
| DEBTOR | : | ROGELIO GONZALEZ AKA ROGELIO A. GONZALEZ DBA ANC ELECTRIC ADBA A.N.C. ELECTRIC ADBA A AND C, ANC ELECTRIC, INC. |
| CREDITOR | : | CREDITORS ADJUSTMENT BUREAU, INC. DBA CAB-LCF |
| DATE ENTERED | : | JULY 30, 2015 |
| COUNTY | : | LOS ANGELES |
| COURT | : | SUPERIOR |
| CASE NO. | : | KC067507 |
| RECORDED | : | SEPTEMBER 29, 2015, AS INSTRUMENT NO. 20151208069, OF OFFICIAL RECORDS |

**EXHIBIT 7**

ORDER N: ███████

18.   A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR
      OF THE STATE OF CALIFORNIA.

      AMOUNT                    :   $4,002.88
      FILED BY                  :   FRANCHISE TAX BOARD OF THE STATE OF
                                    CALIFORNIA
      TAXPAYER                  :   ROGELIO GONZALEZ JR
      CERTIFICATE NO.           :   16320277160
      RECORDED                  :   NOVEMBER 16, 2016, AS INSTRUMENT NO.
                                    20161438656, OF OFFICIAL RECORDS

19.   A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR
      OF THE STATE OF CALIFORNIA.

      AMOUNT                    :   $3,272.21
      FILED BY                  :   FRANCHISE TAX BOARD OF THE STATE OF
                                    CALIFORNIA
      TAXPAYER                  :   CAROL L PEREZ GONZALEZ
      CERTIFICATE NO.           :   18023652124
      RECORDED                  :   JANUARY 24, 2018, AS INSTRUMENT NO.
                                    20180075683, OF OFFICIAL RECORDS

20.   A TAX LIEN FOR THE AMOUNT SHOWN AND ANY OTHER AMOUNTS DUE, IN FAVOR
      OF THE STATE OF CALIFORNIA.

      AMOUNT                    :   $9,003.22
      FILED BY                  :   FRANCHISE TAX BOARD OF THE STATE OF
                                    CALIFORNIA
      TAXPAYER                  :   ROGELIO GONZALEZ JR
      CERTIFICATE NO.           :   18023322124
      RECORDED                  :   JANUARY 24, 2018, AS INSTRUMENT NO.
                                    20180075795, OF OFFICIAL RECORDS

21.   THE LATEST TAX ROLL INFORMATION OBTAINED FROM THE COUNTY TAX ASSESSOR
      SHOWS THE SITUS ADDRESS ON SAID LAND AS 47 OAK CLIFF DR POMONA CA AND
      THE PARCEL NO./PROPERTY ID NO. AS 8711-017-019.

22.   ANY BANKRUPTCY PROCEEDING THAT IS NOT DISCLOSED BY THE ACTS THAT
      WOULD AFFORD NOTICE AS TO SAID LAND, PURSUANT TO TITLE 11 U.S.C. 549 (C) OF
      THE BANKRUPTCY REFORM ACT OF 1978, AS AMENDED.

**END OF EXCEPTIONS**

**EXHIBIT 7**

ORDER NO 

## INFORMATION FOR TRUSTEE

RELATIVE TO THE DEED OF TRUST SHOWN AS EXCEPTION NUMBER 5 IN SCHEDULE A:

1.      THE TRUSTEE MUST OBSERVE THE REQUIREMENTS OF SECTION 2924b OF THE CIVIL CODE AS TO THE 'NOTICES' TO BE SENT TO THE TRUSTOR(S). IF ADDRESS(ES) OF THE TRUSTOR(S) ARE NOT SHOWN IN SAID DEED OF TRUST, OR IF NO NOTICE HAS BEEN REQUESTED BY THE TRUSTORS IN SAID DEED OF TRUST, THIS CODE SECTION STATES THE PROCEDURE TO BE FOLLOWED AS TO 'NOTICES' IN SUCH CASES.  THE NAME(S) OF THE TRUSTOR(S) AND THE ADDRESS(ES), IF ANY, SHOWN IN SAID DEED OF TRUST ARE:

ROGELIO GONZALEZ
47 OAK CLIFF DRIVE
POMONA, CA 91766
(TRUSTOR)

CAROL GONZALEZ
47 OAK CLIFF DRIVE
POMONA, CA 91766
(TRUSTOR)

2.      THE NAMES AND ADDRESSES OF PERSONS WHO HAVE RECORDED REQUESTS, AS PROVIDED BY SECTION 2924B (A) AND (D) OF THE CALIFORNIA CIVIL CODE, FOR A COPY OF NOTICE OF DEFAULT AND FOR A COPY OF NOTICE OF SALE ARE:

NONE

3.      THE NAMES AND ADDRESSES OF ADDITIONAL PERSONS WHO, AS PROVIDED BY SECTION 2924B (C) (1) AND (2) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE A COPY OF NOTICE OF DEFAULT AND A COPY OF NOTICE OF SALE ARE:

ROGELIO GONZALES
47 OAK CLIFF DRIVE
POMONA, CA 91766
(VESTEE/AKA)

CAROL GONZALES
47 OAK CLIFF DRIVE
POMONA, CA 91766
(VESTEE/AKA)

WALTERS WHOLESALE ELECTRIC CO.
2825 TEMPLE
SIGNAL HILL, CA 90755
(REFERS TO ITEM(S) 6)

WALTERS WHOLESALE ELECTRIC CO.
2825 TEMPLE AVE.
SIGNAL HILL, CA 90755
(REFERS TO ITEM(S) 6)

CROSSROADS TRAVEL CENTER, LLC
1138 E. 20TH STREET
UPLAND, CA 91784
(REFERS TO ITEM(S) 14)

## EXHIBIT 7

ORDER NO. 

4.      THE ADDRESSES OF THE INTERNAL REVENUE SERVICE WHICH, AS PROVIDED BY
        SECTION 2924B (C) (4) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO RECEIVE
        A COPY OF NOTICE OF SALE ARE:

        INTERNAL REVENUE SERVICE
        24000 AVILA RD., M/S 5905
        LAGUNA NIGUEL, CA 92677
        (REFERS TO ITEM(S) 9, 11, 12)

5.      THE NAMES AND ADDRESSES OF STATE TAXING AGENCIES WHICH, AS PROVIDED
        BY SECTION 2924B (C) (3) OF THE CALIFORNIA CIVIL CODE, ARE ENTITLED TO
        RECEIVE A COPY OF NOTICE OF SALE ARE:

        STATE OF CALIFORNIA
        FRANCHISE TAX BOARD SPECIAL PROCEDURES SECTION
        PO BOX 2952
        SACRAMENTO, CA 95812-2952
        (REFERS TO ITEM(S) 7, 10, 16, 18, 19, 20)

6.      THE NAME(S) AND ADDRESS(ES) OF THE PERSON(S) DISCLOSED BY THE RECORDS
        EXAMINED, OTHER THAN THOSE TO WHOM 'NOTICE' IS REQUIRED BY SECTION
        2924b OF THE CIVIL CODE, WHO MIGHT BE INTERESTED IN RECEIVING A COPY OF
        ANY RECORDED 'NOTICE OF DEFAULT' OR A COPY OF ANY RECORDED 'NOTICE OF
        SALE' ARE:

        CITIBANK (SOUTH DAKOTA) N.A.
        C/O MICHAEL S. HUNT, ESQ.
        JANALIE HENRIQUES, ESQ.
        151 BERNAL RD. STE#8
        SAN JOSE, CA 95119
        (REFERS TO ITEM(S) 8)

        MIDLAND FUNDING LLC
        TIMOTHY S. BROWN,
        SARAH A. ROBINSON-MCELROY
        10601-G TIERRASANTA BLVD #4540
        SAN DIEGO, CA 92124
        (REFERS TO ITEM(S) 13)

        WALTERS WHOLSALE ELECTRIC CO.
        C/O STEVEN A. JONES,
        YANNA J. LI,
        MADDEN, JONES, COLE & JOHNSON, APC
        3030 OLD RANCH PARKWAY, SUITE 100
        SEAL BEACH, CA 90740
        (REFERS TO ITEM(S) 15)

        WALTERS WHOLESALE ELECTRIC CO.
        2825 TEMPLE AVENUE
        SIGNAL HILL, CA 90755
        (REFERS TO ITEM(S) 15)

**EXHIBIT 7**

ORDER NO. [redacted]

CREDITORS ADJUSTMENT BUREAU, INC. DBA CAB-LCF
C/O KENNETH J. FREED, ESQ.
LAW OFFICES OF KENNETH J. FREED
14226 VENTURA BLVD.
SHERMAN OAKS, CA 91423
(REFERS TO ITEM(S) 17)

CREDITORS ADJUSTMENT BUREAU, INC. DBA CAB-LCF
C/O KENNETH J. FREED, ESQ.
LAW OFFICES OF KENNETH J. FREED
P.O. BOX 5914
SHERMAN OAKS, CA 91423
(REFERS TO ITEM(S) 17)

7.  THE NAME AND ADDRESS OF ANY ASSOCIATION AS DEFINED IN SECTION 1351(A) OF THE CALIFORNIA CIVIL CODE WHICH, AS PROVIDED BY SECTION 2924B (F) OF THE CALIFORNIA CIVIL CODE, IS ENTITLED TO RECEIVE A COPY OF ANY TRUSTEE'S DEED UPON SALE CONCERNING A SEPARATE INTEREST GOVERNED BY THE ASSOCIATION IS:

NONE

8.  CITY IN WHICH SAID LAND IS LOCATED: POMONA

IF NOT IN A CITY, JUDICIAL DISTRICT IN WHICH SAID LAND IS LOCATED:

9.  LEGAL PUBLICATION:

INLAND VALLEY DAILY BULLETIN (CA)

10.  ATTENTION IS CALLED TO CALIFORNIA CIVIL CODE SECTIONS 2920 THROUGH 2924L, INCLUSIVE, AND ANY AMENDMENTS THERETO, THAT GOVERN THE ACTIONS OF MORTGAGEES, BENEFICIARIES, MORTGAGE SERVICERS, TRUSTEES, AND THOSE OF THEIR AGENTS, (I) PRIOR TO INITIATION OF A PROCEEDING TO NON-JUDICIALLY FORECLOSE A DEED OF TRUST OR MORTGAGE BY POWER OF SALE, (II) DURING INITIATION AND PENDENCY OF SUCH A FORECLOSURE PROCEEDING, (III) WHEN CONDUCTING A FORECLOSURE AUCTION AND SALE, AND (IV) WHEN CAUSING ISSUE OF A TRUSTEE'S DEED OR OTHERWISE DISCHARGING POST SALE ACTIVITIES.

11.  ATTENTION IS CALLED TO THE SERVICEMEMBERS CIVIL RELIEF ACT (APPENDIX 50 USC 501 ET SEQ.), THE MILITARY RESERVIST RELIEF ACT OF 1991 (CALIFORNIA MILITARY AND VETERANS CODE 800 ET SEQ.), AND MILITARY AND VETERANS CODE 408, AND ANY AMENDMENTS TO ANY OF THE FOREGOING STATUTES, THAT CONTAIN RESTRICTIONS AGAINST THE SALE OF LAND UNDER A DEED OF TRUST OR MORTGAGE IF THE OWNER IS ENTITLED TO THE BENEFITS OF THOSE LAWS

12.  ATTENTION IS CALLED TO THE FEDERAL TAX LIEN ACT OF 1966 (PUBLIC LAW 89-719, 26 USC SECTIONS 6321 ET SEQ.) AND ANY AMENDMENTS THERETO, WHICH, AMONG OTHER THINGS, PROVIDES FOR THE GIVING OF WRITTEN NOTICE OF SALE IN A SPECIFIED MANNER TO THE SECRETARY OF TREASURY OR HIS OR HER DELEGATE AS A REQUIREMENT FOR THE DISCHARGE OR DIVESTMENT OF A FEDERAL TAX LIEN IN A NONJUDICIAL SALE, AND ESTABLISHES WITH RESPECT TO THAT LIEN A RIGHT IN THE UNITED STATES TO REDEEM THE PROPERTY WITHIN A PERIOD OF 120 DAYS FROM THE DATE OF THE SALE.

National Title Insurance of New York, Inc.

Trustee's Sale Guarantee
CLTA Guarantee Form No. 22 (03/03/2011)

11

**EXHIBIT 7**

ORDER NO:

13.   ATTENTION IS CALLED TO CALIFORNIA GOVERNMENT CODE 16187, AND ANY AMENDMENTS THERETO, THAT, AMONG OTHER THINGS, PROVIDES FOR THE GIVING OF WRITTEN NOTICE OF SALE IN A SPECIFIED MANNER TO THE CONTROLLER OF THE STATE OF CALIFORNIA NECESSARY FOR THE DISCHARGE OR DIVESTMENT IN A NON-JUDICIAL SALE OF A NOTICE OF LIEN FOR POSTPONED PROPERTY TAXES RECORDED IN THE PUBLIC RECORDS SUBSEQUENT TO THE RECORDING OF A NOTICE OF DEFAULT.

14.   ATTENTION IS CALLED TO THE FEDERAL DEBT COLLECTION PROCEDURES ACT (28 USC 3001-3308) AND THE PROVISIONS OF 28 USC 2410 (ACTIONS AFFECTING PROPERTY ON WHICH UNITED STATES HAS A LIEN) WHICH, AMONG OTHER THINGS, MAY PROVIDE FOR WRITTEN NOTICE TO BE GIVEN TO THE UNITED STATES, MAY PROVIDE FOR THE DISCHARGE OF THE PROPERTY FROM THE MORTGAGE OR OTHER LIEN HELD BY THE UNITED STATES, AND MAY PROVIDE THAT THE UNITED STATES SHALL HAVE ONE YEAR FROM THE DATE OF SALE WITHIN WHICH TO REDEEM.

**EXHIBIT 7**

**SERVICELINK TITLE COMPANY**
3220 EL CAMINO REAL, IRVINE, CA 92602
(714) 247-7000 • (800) 323-0165

**TRANSMITTAL**

TO:                                                    DATE:  FEBRUARY 14, 2018

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP (FKA NDEX WEST, LLC)
4004 BELT LINE ROAD, SUITE 100.
ADDISON, TX  75001

ATTN:

REF. NO.:  00000007360860
ORDER NO.:  180062691

PLEASE FIND ENCLOSED HEREWITH ITEMS CHECKED BELOW:

____  CERTIFIED COPY

____  OWNERS POLICY

____  ALTA POLICY

____  CORRECTED GUARANTEE, POLICY AND/OR ENDORSEMENT

____  ENDORSEMENT

____  PRELIMINARY REPORT

____  SUPPLEMENTAL REPORT

_X_   <u>TRUSTEE'S SALE GUARANTEE</u>


VANGIE ORTEGA, TITLE OFFICER

13

**EXHIBIT 7**

# EXHIBIT 8

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rogelio Gonzalez** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Carol Gonzalez** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 108
## Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:
- ☒ creditors have claims secured by your property, or
- ☒ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

**Part 1:   List Your Creditors Who Have Secured Claims**

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Wells Fargo Home Mortgage**<br><br>Description of property securing debt: **47 Oak Cliff Dr. Pomona, CA 91766  Los Angeles County  Home is in Foreclosure** | ☒ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | ☐ No<br><br>☒ Yes |

**Part 2:   List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name:<br>Description of leased Property: | ☐ No<br><br>☐ Yes |
| Lessor's name: | |

Official Form 108          Statement of Intention for Individuals Filing Under Chapter 7          page 1

## EXHIBIT 8

Debtor 1    **Rogelio Gonzalez**
Debtor 2    **Carol Gonzalez**                                                   Case number *(if known)* _____

Description of leased                                              ☐ No
Property:
                                                                  ☐ Yes

Lessor's name:                                                    ☐ No
Description of leased
Property:                                                         ☐ Yes

Lessor's name:                                                    ☐ No
Description of leased
Property:                                                         ☐ Yes

Lessor's name:                                                    ☐ No
Description of leased
Property:                                                         ☐ Yes

Lessor's name:                                                    ☐ No
Description of leased
Property:                                                         ☐ Yes

**Part 3:    Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal
property that is subject to an unexpired lease.

X  **/s/ Rogelio Gonzalez**                              X  **/s/ Carol Gonzalez**
   **Rogelio Gonzalez**                                     **Carol Gonzalez**
   Signature of Debtor 1                                     Signature of Debtor 2

Date    **July 16, 2018**                            Date    **July 16, 2018**

Official Form 108                 **Statement of Intention for Individuals Filing Under Chapter 7**                 page 2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**EXHIBIT 8**

# EXHIBIT 9

Case 2:13-bk-20247-BB    Doc 8    Filed 05/13/13    Entered 05/13/13 12:08:22    Desc
van21:Ord Dism(OptionB)    Page 1 of 1

Form odspb–odspab VAN–21)
Rev. 12/09

# United States Bankruptcy Court
## Central District Of California

### 255 East Temple Street, Los Angeles, CA 90012

## ORDER AND NOTICE OF DISMISSAL FOR
## FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**                                    **BANKRUPTCY NO.**  2:13–bk–20247–BB
Rogelio Gonzalez

                                                          **CHAPTER**  7

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):**  xxx–xx–2696
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 5/13/13

**JOINT DEBTOR INFORMATION:**
Carol L Gonzalez

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–6632
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Joint Debtor Dismissal Date:**  5/13/13
**Address:**
47 Oak Cliff Dr
Pomona, CA 91766

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under F.R.B.P. 1007 or 3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents has been timely filed in accordance with F.R.B.P. 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1)    The case is dismissed.

2)    The automatic stay is vacated.

3)    Any discharge entered in this case is vacated.

4)    The Court retains jurisdiction on all issues arising under Bankruptcy Code § 110, 329 and 362.

By the Court,

Dated: May 13, 2013                                        **Kathleen J. Campbell**
                                                          Clerk of Court

(Form odspb–odspab VAN–21) Rev. 12/09                                        8 / KSC

## EXHIBIT 9